Thank you. May it please the Court, I'm Stephen Parsley appearing on behalf of the appellants. In the Shadow Canyon opinion, the Nevada Supreme Court held that equity requires a sale to be set aside upon proof of a gross inadequacy of price and fraud, oppression, or unfairness. They specifically highlighted a misrepresentation to the lender that the deed of trust would fraud, unfairness, or oppression. Your Honor, if that case ever applies, it has to apply here. The HOA sold the property for less than 3% of its fair market value, and the Nevada Supreme Court has said that where the inadequacy of the price is great, the Court may grant relief based on slight evidence of fraud, unfairness, or oppression. A 97% disparity in price is wide by any definition, and this case presents even more than a slight evidence of unfairness or oppression. The sale took place contemporaneously with an arbitration that included the HOA's trustee, Alessian Koenig, and during that arbitration, Alessian Koenig agreed with the position that the HOA's and trustees were advocating that the first deed of trust. So, wasn't the lender different in the arbitration proceeding than it was in the foreclosure sale? Bank of America was the lender appearing in that arbitration, and Bank of America was also the servicer of the loan in this case and the recorded deed of trust beneficiary at the time that the foreclosure was taking place. Later, the servicing transferred to U.S. Bank, but Bank of America is part of this case as well. And even though the judge Boulware ruled against the bank, even he held that the HOA trustee's misrepresentations were some evidence of misrepresentation and approaches the level of direct misrepresentation necessary aside the sale. But he disregarded the evidence for the mistaken belief that because U.S. Bank wasn't a party to that case, that therefore that misrepresentation was irrelevant. As I just mentioned, Bank of America was still involved even at that point and is involved here. The arbitration record shows that Bank of America agreed with Alessi's position, and the CCNR stated that the lien will be subordinate to the first deed of trust, and that enforcement wouldn't defeat the deed of trust under the rules of contract interpretation. There's a number of unpublished Nevada Supreme Court cases saying that a mortgage protection clause in the CCNRs by itself is not enough to rise to the level of slight evidence. Um, how does that affect your argument? Yes, Your Honor. So the Nevada Supreme Court has stuck with the rule in ZZX2, which was incorporated by the Shadow Canyon case, that the CCNRs alone is not enough, but a direct misrepresentation to the lender does push it over the edge to be acceptable fraud, unfairness, or oppression. And there are a lot of subsequent Nevada Supreme Court cases that very, very consistently stick to that position, that adding on the direct misrepresentation pushes it over the edge to allow the sale to be set aside. And so this case exactly fits the ZZX2 opinion. It fits the San Florentine Avenue Trust, which we cite in our briefs, that a direct misrepresentation to the lender will push it over the edge to be fraud, unfairness, or oppression. And there's another even more recent case called Mars Family Trust that talks about these direct misrepresentations to the lender as being enough to make the sale set aside. I have a question. What did the district court do on this issue? Did it find that there was an unbalance in the value and what the sales price was, or did it make any finding at all? The district court found that the price was inadequate, but did not believe that U.S. banks' role in it would allow it to be set aside, and also had this belief that there had to be a causal link between the fraud, unfairness, or oppression that would cause the inadequate price. But that supposed third element doesn't really exist in Nevada law. And if you look at Shadow Canyon, the court listed five examples that could justify setting aside the sale, and three of those concern direct mistreatment of the lender. There's a misrepresentation that the deed of trust will survive. There's a failure to mail a deed of trust beneficiary the required notices, and there's a misrepresentation of the sale date. All of those are the sorts of examples we have here where there's a direct mistreatment, unfairness, or oppression of the lender. And that, according to the Nevada Supreme Court, is what's key to allow the sale to be set aside. Good question. Did the HOA give out notices to your client at all before the sale? The HOA mailed copies of the notices that were being recorded that were warning the homeowner that a foreclosure was imminent, but they did not warn the bank in any way that the deed of trust might be extinguished by the sale. That's not required though by Nevada law, is it? That's correct. I'm just saying that their notices don't cure the problem of the misrepresentation to the lender or cure the problem of the misleading CC&Rs. Given that I only have a few seconds, I'll say a brief word about our alternative claims against the HOA. The district court's sole reasoning for dismissing the claims was its conclusion that only associations and homeowners had standing to sue for violations of the statute, but the subsequent Penny Mac Holdings decision from the Nevada Supreme Court held otherwise. And the court noted that NRS 116 is full of obligations on the HOA toward lenders, and although the HOA might dispute that it had a duty to have anything in the CC&Rs, the CC&Rs are a duty underneath NRS 116, and so it's required that they have accurate CC&Rs that aren't misleading the lender here. And with that, I'll reserve the rest of my time. Okay. Good morning, your honors. My name is Jason Martinez, and I represent SFR Investments Pool LLC. I first want to address what Mr. Parsley said about there not being a price factor requirement of Shadow Canyon. That is the decision that gives you that holding, and it specifically says that the fraud, unfairness, oppression you allege must be causally connected to the price. And that's been reaffirmed and reaffirmed and reaffirmed by the Nevada Supreme Court in multiple unpublished decisions after that, indicating that that is a specific requirement. In fact, as recently as September of 2020, in an unpublished decision, which is BDJ Investments versus U.S. Bank 472P3193, they said to obtain equitable relief, the party challenging the sale must demonstrate that there was an inadequate sales price, make a showing of fraud, oppression, or unfairness that brought about the inadequate price. And that was citing Shadowwood and Shadow Canyon as its rule of law. So reiterating that Shadow Canyon bears that requirement. So what Mr. Parsley says is that no part of Nevada law requires you demonstrate a connection to the price based on your unfairness alleged. That is absolutely incorrect. The very case they are relying on for their argument presented here requires that you demonstrate some form of bid chilling. And the problem, and the reason why he wants to ignore that requirement or have you somewhat write it out of the rule, is because they have no evidence demonstrating there was actually bid chilling. And specifically, the two things they allege that constitute the unfairness are the Mortgage Protection Clause and the private Stonefield Arbitration. As Judge Ikuda just brought up, there's plenty of unpublished decisions indicating that the Mortgage Protection Clause in and of itself does not constitute unfairness. And that's adequately briefed by ourselves as well. And regarding the Stonefield Arbitration, as I say, was private. In this circumstance, those types of arbitrations are not publicly available. They are only known by the parties themselves. So does that matter if one of the parties was involved in both the foreclosure and the arbitration? I think that's what Mr. Parsley was suggesting. I think it does, especially when he's sitting here arguing that that's a direct misrepresentation made by a lessee in this case, which there's no such thing exists. There is no representations made by a lessee and or the association in this particular case about this property. And that's what he talked about. But you also have to consider the arbitration in context. So just to clarify, do you disagree that Bank of America was involved in both in both contexts? No, I don't. I don't dispute that Bank of America was involved in the Stonefield Arbitration, nor that a lessee in Koenig or Southern Highlands were. They were involved in the Stonefield Arbitration. However, the context of the arbitration is important. As Mr. Parsley pointed out, everybody to that arbitration agreed that the super priority portion would not arise until post-bank foreclosure, which left the arbitrator to answer two remaining questions. What is the super priority amount made of? As in how much is it? And when can the bank pay it? That was all it was. But even at the end of the day, they have a Shadow Canyon challenge. They have to demonstrate that the Stonefield Arbitration somehow brought about the allegedly inadequate price. And that's where they wholesale fail here. There's absolutely no evidence presented by the bank that potential bidders did not bid or did not attend the sale because of either the Mortgage Protection Clause or the Stonefield Arbitration. And that's the reason why they want you to ignore the very critical factor of Shadow Canyon as if it doesn't exist, because they have absolutely no way to prove it. So that's why he steers completely clear. And I press him on the issue because of the fact that he cannot tell you that there's that the requirement doesn't exist. The Mastering Courts reiterated that that is required. Bid chilling is required. Even in SFR v. NationStar, where they had a Mortgage Protection Clause argument being made, the Nevada Supreme Court also reiterated there is no evidence that potential bidders were misled by the unfairness alleged and that the bidding was chilled. That is a requirement. And then they didn't set aside the sale because of that. Because you need to meet both factors. I have a question. Did Bank of America tender any kind of a super priority fee to you? No, Your Honor. Not in any respect whatsoever. And in fact, that argument was never even made in this case. So if the bank tries to argue that later, it would be entirely waived. But even in this circumstance where I said they failed to meet Shadow Canyon, there's no fraud, unfairness, or oppression. Neither of the two things alleged account for that. Even if it did, which I don't agree to, just for the sake of argument, even if they met the first factor of Shadow Canyon, they demonstrate nothing about bid chilling. I guess in the case of rely on in Shadow Canyon, I think there was a mortgage protection clause and a letter to the lender. So the letter to the lender was not public. The mortgage protection clause in the CCNRs was. And the court in Dyson seemed to indicate that those two together was enough. And that was approved by Shadow Canyon. So here, the mortgage protection clause was public and the arbitration you were saying is private, so known only to the lender in this case. Is that looking at them together because you were looking solely at the arbitration? Does that meet the standard in Shadow Canyon? No, absolutely not. And getting into Dyson itself, the letter that was in Dyson was actually sent to more than just the bank. It doesn't specify as to who, but it does indicate it was sent to other entities. In addition, Dyson had a finding of bid chilling. It was right in the order in and of itself, which means it found unfairness and it connected that unfairness to the price paid such that it could set aside the sale under Shadow Canyon. So when the Nevada Supreme Court cites Dyson in the footnote in Shadow Canyon, it again is reaffirming that those are the requirements that must be met. You have to establish both. And even if we get into the discussion about Shadow Canyon and if you think the bank actually met its burden, which I think they undoubtedly failed on all accounts, even in that circumstance, as recognized by the Nevada Supreme Court in Shadowwood, equitable relief will not be granted to the detriment of an innocent third-party purchaser such as SFR. And as we demonstrated at excerpts of record 588 to 89, it's a declaration of Bob Diamond. SFR was not aware of any noticing or delinquency issues related to this. That's sort of a problem because the first deed of trust was an interpublic record. So let me ask you this argument. I'm not sure it was raised here, but we, as you can argument, that when the sales price, that if there wasn't chilling, the sales price of the foreclosure sale would have been more than 2% or whatever it was here of the fair market value of the property. That's sufficient to show it's chilling. So we've seen that argument. Can you address that? Yeah, that argument is belied by the published decisions. Specifically, one, Shadowwood tells you and Shadow Canyon both tell you that price alone is not enough to set aside a sale. Also, there's, I'm not aware of any decision out there, published or unpublished, that tells you you can presume bid chilling based on the price because that would fly in the face of what I just discussed about Shadow Canyon, Shadowwood. I don't see, I guess I don't understand that. So the Nevada Supreme Court says a grossly inadequate price is not enough. There has to be slight evidence of fraud, oppression, or unfairness. And that can be shown in the form of a misrepresentation of a certain sort or different types of misrepresentations. So if there's a misrepresentation, then I'm not sure why that, along with the aggravated, the grossly inadequate price is not enough. Well, because Shadow Canyon requires that you connect that alleged misrepresentation, whatever you constitute as unfairness, which is the first factor of Shadow Canyon, you connect it to that price. Has the Nevada Supreme Court indicated what that evidence or what that connection would be? I mean, in the context of like what specifically would be that, I don't know, that would be theoretical. But in this context, you would have to have connected this Stonefield Arbitration to the price. So the Nevada Supreme Court hasn't indicated what that evidence is. And what do you think that evidence would be? Well, argue, it would have to be something that affects the bid, since the requirement is that it brought about the inadequate price. And this is a public option. Oh, so a declaration. So a declaration from the seller that because there wasn't a first of trust, they didn't, because it was being extinguished or they didn't know whether it was going to be extinguished. I guess I'm not understanding what that would be. No. And if you're referring to it in the context of the lender, it would have, I don't think that would get there. But what you would need is testimony from any of the potential bidders or bidders who appeared at the auction indicating that they did not bid any higher because of the And in that circumstance, your honors, my time is running down. I'll just sum up real quickly. In this particular circumstance, the bank has presented, you know, evidence or argument that would change the lower course decision. In that respect, you should affirm. And even in the circumstance, you believe the Shadow Canyon analysis has been met by the bank, which it has not. SFR is a BFP and SFR's title cannot be disturbed as a result. Thank you, your honors. You have some time for rebuttal. Mr. Parsley, are you still with us? Yes, your honor. You have some time for rebuttal. Is the HOA going to go now? The time has expired for appellee. Thank you, your honor. So I'll get back to the causal link requirement that seems to be the core of our dispute here. The Shadow Canyon case only says the sale must be affected by some form of fraud, unfairness, or oppression. It does not translate that to a direct bid shilling link. And indeed, that wouldn't make any sense given the sorts of examples the court said are sufficient to constitute fraud, unfairness, or oppression, all of which concern essentially misrepresentations or mistreatment of the lender in some way. Question, what was the misrepresentation by the other side here? In this case, the misrepresentation is that there was not a super priority lien until the first deed of trust was foreclosed. And meaning that at the time the there could not have been any portion with super priority. I'll note that the ZZX2 opinion just infers that these type of mistreatment was enough to show bid shilling. It didn't set out any sort of specific testimony or evidence from buyers coming in saying, I would have been interested in this property had there not been a deed of trust. And there's not any such evidence in any of these cases like San Florentine or Lars family, because that's not a requirement that the Nevada Supreme Court is looking at. The language of sale being affected by fraud, unfairness, or oppression does not mean only bid shilling. Bid shilling is one form of it, but these sorts of mistreatments of the lender are another way. And I'll even note that the SFR's expert report, which is in the record, their expert appraisal report, wrote that there was no title company in Southern Nevada willing to issue title insurance following an HOA foreclosure sale. The typical buyer would have been aware that the Nevada Supreme Court had not yet interpreted NRS 116. They would have been aware that the banks were acting as if their deeds of trust were extinguished. So we can infer from that, from SFR's own report, that the typical buyers in this market understood that their deeds of trust might be surviving. And it's very safe to say that positions taken by many different HOA trustees in an arbitration, as well as CCNRs, were part of the reason that those typical buyers believed the deeds of trust might still be existing on the properties, your honor. So in conclusion, I'll ask you to reverse the findings of the district court and hold that the deed of trust survived. And in the alternative, I'd ask you to hold that the HOA claims for damages can go forward. Thank you, your honor. All right. The case of U.S. Bank versus Southern Islands Community Association was submitted. We thank both sides for their argument. And we'll next hear arguments in Bank of America versus 96B Boston Springs Trust.
judges: Siler, Ikuta, Nguyen